# EXHIBIT A

# EXHIBIT A-1

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEY POINT MANAGEMENT, INC., | § | |
| AND GMY MANAGEMENT, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| TRAVELERS CASUALTY INSURANCE | § | |
| COMPANY OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

## **EXHIBIT A**

1. Index of All Documents Filed in the State Court Action

2. Docket Sheet in the State Court Action

3. Documents Filed in the State Court Action
   a. Plaintiff's Original Petition
      Filed:              August 28, 2017

   b. Case Filing Cover Sheet
      Filed:              August 28, 2017

   c. Request for Service
      Filed:              August 28, 2017

   d. Record of Citation served on Defendant Travelers Casualty Insurance Company of America by Certified Mail No. 9214 8901 0661 5400 0111 8440 18
      Served:             August 30, 2017
      Filed:              August 28, 2017

   e. Dismissal Letter
      Filed:              September 8, 2017

   f. Dismissal Letter
      Filed:              September 8, 2017

   g. Defendants' Original Answer and Affirmative Defense to Plaintiff's Original Petition
      Filed:              September 11, 2017

h.   Jury Trial Notice
     Filed:               September 12, 2017

i.   Jury Trial Notice
     Filed:               September 12, 2017

# EXHIBIT A-2

## Case Information

DC-17-10853 | KEY POINT MANAGEMENT, INC., et al vs. TRAVELERS
CASUALTY INSURANCE COMPANY OF AMERICA

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| DC-17-10853 | 101st District Court | WILLIAMS, STACI |
| File Date | Case Type | Case Status |
| 08/28/2017 | CNTR CNSMR COM DEBT | OPEN |

## Party

PLAINTIFF
KEY POINT MANAGEMENT, INC.

Address
C/O SHAUN W. HODGE, 2211 STRAND, SUITE
302
GALVESTON TX 77550

Active Attorneys ▾
Lead Attorney
HODGE, SHAUN W
Retained

Work Phone
409-762-5000 📞 ⑤

Fax Phone
409-763-2300 📞 ⑤

PLAINTIFF
GMY MANAGEMENT, INC.

Address
C/O SHAUN W. HODGE, 2211 STRAND, SUITE
302
GALVESTON TX 77550

Active Attorneys ▾
Lead Attorney
HODGE, SHAUN W
Retained

Work Phone
409-762-5000 📞 ⑤

Fax Phone
409-763-2300 📞 ⑤

DEFENDANT
TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

Active Attorneys ▾
Lead Attorney
GIBBS, JENNIFER

CORPORATION SERVICE COMPANY
211 EAST 7TH STREET, SUITE 620
AUSTIN TX 78701

Work Phone
214-742-3000

Fax Phone
214-760-8994

## Events and Hearings

08/28/2017 NEW CASE FILED (OCA) - CIVIL

08/28/2017 ORIGINAL PETITION ▼

ORIGINAL PETITION

08/28/2017 CASE FILING COVER SHEET ▼

COVER SHEET

08/28/2017 REQUEST FOR SERVICE ▼

REQUEST

08/28/2017 ISSUE CITATION ▼

ISSUE CITATION

Comment
9214 8901 0661 5400 0111 8440 18

08/28/2017 JURY DEMAND

08/30/2017 CITATION ▼

Anticipated Server
CERTIFIED MAIL

Anticipated Method
Actual Server
CERTIFIED MAIL

Returned
09/07/2017

CERT MAL / BH

09/07/2017 RETURN OF SERVICE ▼

RETURN OF SERVICE

Comment
CITATION EXECUTERD TRAVELERS CASUALTY
INSURANCE COMPANY OF AMERICA

09/11/2017 ORIGINAL ANSWER - GENERAL DENIAL ▼

efle - Answer and Affirmative Def.pdf

11/03/2017 DISMISSAL FOR WANT OF PROSECUTION ▼

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

Cancel Reason
CASE TRIAL RESET

08/28/2018 Jury Trial - Civil ▼

101st Jury Trial Notice 1

101st Jury Trial Notice 1

Judicial Officer
WILLIAMS, STACI

Hearing Time
9:00 AM

# Financial

KEY POINT MANAGEMENT, INC.
Total Financial Assessment          $424.00

| 8/29/2017 | Transaction Assessment | | | $424.00 |
|-----------|------------------------|---|---|---------|
| 8/29/2017 | CREDIT CARD - TEXFILE (DC) | Receipt # 55392-2017-DCLK | KEY POINT MANAGEMNET, INC. | ($424.00) |

## Documents

ORIGINAL PETITION

COVER SHEET

REQUEST

ISSUE CITATION

RETURN OF SERVICE

101st Dismissal Letter - 2017

101st Dismissal Letter - 2017

efle - Answer and Affirmative Def.pdf

101st Jury Trial Notice 1

101st Jury Trial Notice 1

# EXHIBIT A-3

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KEY POINT MANAGEMENT, INC., §
AND GMY MANAGEMENT, INC., §
§
    Plaintiffs, §
§
v. §     CIVIL ACTION NO. _____
§
TRAVELERS CASUALTY INSURANCE §
COMPANY OF AMERICA, §
§
    Defendant. §

## INDEX OF DOCUMENTS FILED IN STATE COURT ACTION

1. Plaintiff's Original Petition
   Filed:       August 28, 2017

2. Case Filing Cover Sheet
   Filed:       August 28, 2017

3. Request for Service
   Filed:       August 28, 2017

4. Record of Citation served on Defendant Travelers Casualty Insurance Company of America by Certified Mail No. 9214 8901 0661 5400 0111 8440 18
   Served:     August 30, 2017
   Filed:       August 28, 2017

5. Dismissal Letter
   Filed:       September 8, 2017

6. Dismissal Letter
   Filed:       September 8, 2017

7. Defendants' Original Answer and Affirmative Defense to Plaintiff's Original Petition
   Filed:       September 11, 2017

8. Jury Trial Notice
   Filed:       September 12, 2017

9. Jury Trial Notice
   Filed:       September 12, 2017

# EXHIBIT A-3-a

FILED
DALLAS COUNTY
8/28/2017 12:00 AM
FELICIA PITRE
DISTRICT CLERK
Nikiya Harris

1 CIT/ CERT. MAIL

DC-17-10853

CAUSE NO. _____

| | | |
|---|---|---|
| **KEY POINT MANAGEMENT, INC.** | § | **IN THE DISTRICT COURT OF** |
| **AND** | § | |
| **GMY MANAGEMENT, INC.,** | § | |
| **Plaintiffs** | § | |
| | § | |
| | § | **\_\_\_\_\_ JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| **TRAVELERS CASUALTY** | § | |
| **INSURANCE COMPANY** | § | |
| **OF AMERICA,** | § | **DALLAS COUNTY, TEXAS** |
| **Defendant** | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, KEY POINT MANAGEMENT, INC., and GMY MANAGEMENT, INC. (hereinafter collectively referred to as "Key Point Management" or "Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA ("Travelers" or "Defendant"), and for cause of action, Plaintiffs would respectfully show this honorable Court the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend discovery in this case be conducted under the provisions of Texas Rule of Civil Procedure 190.4 (Level 3), and request that the Court enter an appropriate scheduling order.

### PARTIES

2.    Plaintiff, Key Point Management, Inc., is a Texas corporation.

3.    Plaintiff, GMY Management, Inc., is a Texas corporation.

4.    Defendant Travelers is a foreign insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas. The

Defendant may be served with process by serving its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

### JURISDICTION AND VENUE

5.    The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not over $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees. Plaintiffs reserve the right to amend the petition during or after the discovery process.

6.    The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

7.    Venue is proper in Dallas County, Texas, because the insured property at issue is situated in this county and the events giving rise to this lawsuit occurred in this county.

### FACTS

8.    Plaintiffs are the owner of Texas insurance policy 680-8G563969 (hereinafter the "Policy"), which was issued by Defendant.

9.    Plaintiffs own the insured property, which are specifically located at 1600 Plano Road, Richardson, Texas 75081 (hereinafter the "Property").

10.    Defendant sold the Policy to Plaintiffs insuring the Property.

11.    On or about March 23, 2016, wind and hail caused severe structural and exterior damage to the insured Property.

12.     Plaintiffs submitted a claim to Defendant against the Policy for damages which the Property sustained as a result of the hail and windstorm.  Upon information and belief, Defendant assigned number E7L0280001H for the claim.

13.     Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

14.     Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation and thus denying adequate and sufficient payment to Plaintiffs to repair the Property, Plaintiffs' claim was improperly adjusted.   The mishandling of Plaintiffs' claim has also caused a delay in Plaintiffs' ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiffs have yet to receive the full payment to which they are entitled under the Policy.

15.     As detailed in the paragraphs below, Defendant wrongfully denied Plaintiffs' claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.  Furthermore, Defendant underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

16.     To date, Defendant continues to delay in the payment for the damages to the Property.  As such, Plaintiffs have not been paid in full for the damages to the Property.

17.     Defendant failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to

cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

18.     Defendant misrepresented to Plaintiffs that certain damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

19.     Defendant failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

20.     Defendant failed to explain to the Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiffs adequate compensation, without any or adequate explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any or adequate explanation for the failure to adequately settle Plaintiffs' claim. Defendant's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

21.     Defendant failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct

constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

22.    Defendant refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

23.    Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim, within the statutorily mandated time of receiving notice of Plaintiffs' claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

24.    Defendant failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

26.     From and after the time Plaintiffs' claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

27.     Defendant knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

28.     As a result of Defendant's wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

29.     Defendant is liable to Plaintiffs for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and Deceptive Trade Practices Act, intentional breach of the common law duty of good faith and fair dealing, and common law fraud.

## BREACH OF CONTRACT

30.     The Policy is a valid, binding, and enforceable contract between Plaintiffs and Defendant.

31.     Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiffs.

32.     Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiffs.

33.     The Defendant's breach proximately caused Plaintiffs' injuries and damages.

34.     All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

35.     Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are made actionable by TEX. INS. CODE §541.151.

36.     Defendant's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.     Defendant's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.     Defendant's unfair settlement practices, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

39.     Defendant's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of

rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40.  Defendant's unfair settlement practices, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

41.  Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

42.  The Claim is a claim under an insurance policy with the Defendant of which Plaintiffs gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

43.  Defendant's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and/or request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

44.  Defendant's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

45.  Defendant's delay of the payment of Plaintiffs' claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time

provided for, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

46. Each of the foregoing unfair settlement practices were completed knowingly by the Defendant, and were a producing cause of Plaintiffs' injuries and damages.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

47. The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiffs by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

48. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

49. Defendant's conduct proximately caused Plaintiffs' injuries and damages.

## VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

50. Defendant's conduct violated the Texas Deceptive Trade Practices Act, TEX. BUS. & COM. CODE § 17.41, et seq. (hereinafter the "DTPA") by engaging in "false, misleading or deceptive acts and practices."

51. Plaintiffs are "consumers" in that Plaintiffs acquired goods and/or services by purchase, and the goods and/or services form the basis of this action.

52. The Defendant committed numerous violations of the Texas DTPA, insofar as Defendant:

   a)  Represented that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

   b)  Represented that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    c)    Failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

    d)    Generally engaged in unconscionable courses of action while handling the Claim; and/or

    e)    Violated the provisions of the Texas Insurance Code described herein.

53.    The Defendant took advantage of the Plaintiffs' lack of knowledge, ability, experience or capacity to a grossly unfair degree and to the Plaintiffs' detriment. The Defendant's acts also resulted in a gross disparity between the value received and the consideration paid in a transaction involving the transfer of consideration. As a result of the Defendant's violations of the DTPA, Plaintiffs suffered actual damages. In addition, the Defendant committed the above acts knowingly and/or intentionally, entitling Plaintiffs to three times Plaintiffs' damages for economic relief.

## DAMAGES

54.    Upon the trial of this case, it shall be shown Plaintiffs sustained damages as a result of Defendant's conduct. Plaintiffs respectfully request the Court and jury award the amount of loss Plaintiffs has incurred in the past and will incur in the future. There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiffs for injuries, damages, and losses, incurred and to be incurred. From the date of the occurrence in question until the time of trial of this cause, Plaintiffs seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiffs' actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, treble damages, statutory interest, and exemplary damages.

55. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

56. The damages caused by hail and/or wind have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

57. For breach of contract, Plaintiffs are entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

58. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times actual damages. TEX. INS. CODE §541.152.

59. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

60. For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

61.  For violations of the Deceptive Trade Practices Act, Plaintiffs are entitled to recover actual damages and up to three times Plaintiffs' damages for economic relief, along with attorney's fees, interest and court costs.

62.  For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorney whose name is subscribed to this pleading.   Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

63.  Plaintiffs are not making any claims for relief under federal law.

## JURY DEMAND

64.  Plaintiffs request a jury trial, and have tendered any and all requisite fees for such along with the filing of this *Plaintiffs' Original Petition*.

## REQUEST FOR DISCLOSURE

65.  Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within fifty (50) days of service of this request, the information described in Rule 194.2(a)-(l).

## PRAYER

WHEREFORE, Plaintiffs respectfully request that final judgment be rendered for the Plaintiffs as follows:

1)  Judgment against Defendant for actual damages in an amount to be determined by the jury;

2)  Statutory benefits;

3)  Treble damages;

4)  Exemplary and punitive damages;

5) Pre-judgment interest as provided by law;

6) Post-judgment interest as provided by law;

7) Attorneys' fees;

8) Costs of suit;

9) Such other and further relief to which Plaintiffs may be justly entitled.


Respectfully Submitted,


By: _____

Shaun W. Hodge
Texas Bar No. 24052995
**The Hodge Law Firm, PLLC**
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
Email: shodge@hodgefirm.com

ATTORNEY FOR PLAINTIFFS

# EXHIBIT A-3-b

FILED
DALLAS COUNTY
8/28/2017 12:00 AM
FELICIA PITRE
DISTRICT CLERK

**CIVIL CASE INFORMATION SHEET**

DC-17-10853

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ COURT *(FOR CLERK USE ONLY):* _____

STYLED  Keypoint Management, Inc. and GMY Management, Inc. v. Travelers Casualty Insurance Company of America

(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name:  Shaun W. Hodge <br><br> Email:  shodge@hodgefirm.com | Plaintiff(s)/Petitioner(s):  Keypoint Management, Inc.  GMY Management, Inc. | ☒ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: _____ |
| Address:  2211 The Strand, Suite 302 <br><br> Telephone:  (409) 762-5000 | | Additional Parties in Child Support Case: |
| City/State/Zip:  Galveston, Texas 77550 <br><br> Fax:  (409) 763-2300 | Defendant(s)/Respondent(s):  Travelers Casualty Insurance  Company of America | Custodial Parent: <br><br> Non-Custodial Parent: |
| Signature: <br> *[signature]* <br><br> State Bar No:  24052995 | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☒ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional Liability: <br><br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— Pre-indictment <br> ☐ Other: | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br><br> **Other Family Law** <br> ☐ Enforce Foreign Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities of Minority <br> ☐ Other: | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Parentage/Paternity <br> ☐ Termination of Parental Rights <br> ☐ Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: | | |
| **Tax** | | **Probate & Mental Health** | | |
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: | | |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
- ☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
- ☐ Less than $100,000 and non-monetary relief
- ☐ Over $100,000 but not more than $200,000
- ☒ Over $200,000 but not more than $1,000,000
- ☐ Over $1,000,000

Rev 2/13

# EXHIBIT A-3-c

FILED
DALLAS COUNTY
8/28/2017 12:00 AM
FELICIA PITRE
DISTRICT CLERK

## CIVIL PROCESS REQUEST

> FOR EACH PARTY SERVED YOU MUST FURNISH ONE (1) COPY OF THE PLEADING
> FOR WRITS FURNISH TWO (2) COPIES OF THE PLEADING PER PARTY TO BE SERVED

**CASE NUMBER:** DC-17-10853    **CURRENT COURT:** _____

**TYPE OF INSTRUMENT TO BE SERVED** (See Reverse For Types): **Plaintiff's Original Petition**

**FILE DATE OF MOTION:** **August 28, 2017**

Month/      Day/      Year

**SERVICE TO BE ISSUED ON** (Please List Exactly As The Name Appears In The Pleading To Be Served):

1. NAME: **Travelers Casualty Insurance Company of America**

   ADDRESS: **c/o Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218**

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

SERVICE BY (*check one*):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **MAIL**                     [x] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
   Type of Publication:   [ ] **COURTHOUSE DOOR,  or**
                          [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

**********************************************************************

****

2. NAME: _____

   ADDRESS: _____

   AGENT, (*if applicable*): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED** (*see reverse for specific type*): _____

SERVICE BY (*check one*):
- [ ] **ATTORNEY PICK-UP**          [ ] **CONSTABLE**
- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **MAIL**                     [ ] **CERTIFIED MAIL**
- [ ] **PUBLICATION:**
   Type of Publication:   [ ] **COURTHOUSE DOOR,  or**
                          [ ] **NEWSPAPER OF YOUR CHOICE:** _____
- [ ] **OTHER,** *explain* _____

**ATTORNEY (OR ATTORNEY'S AGENT) REQUESTING SERVICE:**

NAME: **Shaun W. Hodge**          TEXAS BAR NO./ID NO. **24052995**

MAILING ADDRESS: **Hodge Law Firm, PLLC, 2211 Strand, Suite 302, Galveston, Texas 77550**

PHONE NUMBER: **(409)**    **762-5000**       FAX NUMBER: **(409)**    **763-2300**

area code    phone number                      area code    fax number

EMAIL ADDRESS: **shodge@hodgefirm.com**

CIVC108 Revised 9/3/09

SERVICE REQUESTS WHICH CANNOT BE PROCESSED BY THIS OFFICE WILL BE HELD FOR 30 DAYS PRIOR TO CANCELLATION.  FEES WILL BE REFUNDED ONLY UPON REQUEST, OR AT THE DISPOSITION OF THE CASE. SERVICE REQUESTS MAY BE REINSTATED UPON APPROPRIATE ACTION BY THE PARTIES.

INSTRUMENTS TO BE SERVED:
(Fill In Instrument Sequence Number, i.e. 1st, 2nd, etc.)

ORIGINAL PETITION
_____      AMENDED PETITION
_____      SUPPLEMENTAL PETITION


COUNTERCLAIM
_____      AMENDED COUNTERCLAIM
_____      SUPPLEMENTAL COUNTERCLAIM

CROSS-ACTION:
_____      AMENDED CROSS-ACTION
_____      SUPPLEMENTAL CROSS-ACTION

THIRD-PARTY PETITION:
_____      AMENDED THIRD-PARTY PETITION
_____      SUPPLEMENTAL THIRD-PARTY PETITION

INTERVENTION:
_____      AMENDED INTERVENTION
_____      SUPPLEMENTAL INTERVENTION

INTERPLEADER
_____      AMENDED INTERPLEADER
_____      SUPPLEMENTAL INTERPLEADER


INJUNCTION

MOTION TO MODIFY

SHOW CAUSE ORDER

TEMPORARY RESTRAINING ORDER


BILL OF DISCOVERY:
ORDER TO: _____
                                     (specify)

MOTION TO: _____
                                     (specify)

PROCESS TYPES:

NON WRIT:
CITATION
ALIAS CITATION
PLURIES CITATION
SECRETARY OF STATE CITATION
COMMISSIONER OF INSURANCE
HIGHWAY COMMISSIONER
CITATION BY PUBLICATION
NOTICE
SHORT FORM NOTICE

PRECEPT (SHOW CAUSE)
RULE 106 SERVICE

SUBPOENA

WRITS:
ATTACHMENT (PROPERTY)
ATACHMENT (WITNESS)
ATTACHMENT (PERSON)


CERTIORARI

EXECUTION
EXECUTION AND ORDER OF SALE

GARNISHMENT BEFORE JUDGMENT
GARNISHMENT AFTER JUDGMENT

HABEAS CORPUS
INJUNCTION
TEMPORARY RESTRAINING ORDER

PROTECTIVE ORDER (FAMILY CODE)
PROTECTIVE ORDER (CIVIL CODE)


POSSESSION (PERSON)
POSSESSION (PROPERTY)


SCIRE FACIAS
SEQUESTRATION
SUPERSEDEAS

CIVC108 Revised 9/7/00

# EXHIBIT A-3-d

FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

CERT MAIL

CITATION

DC-17-10853

To:

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA
SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701-3218

KEY POINT MANAGEMENT, INC., et al

vs.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

ISSUED THIS
30th day of August, 2017

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the 101st District Court at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

Said Plaintiff being KEY POINT MANAGEMNET, INC. AND GMY MANAGEMENT, INC.,

Filed in said Court 28th day of August, 2017

By: BELINDA HERNANDEZ, Deputy

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

For Suit, said suit being numbered DC-17-10853, the nature of which demand is as follows:
Suit on CNTR CNSMR COM DEBT etc. as shown on said petition REQUEST FOR DISCLOSURE, a
copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

Attorney for Plaintiff
SHAUN W HODGE
HODGE LAW FIRM PLLC
OLD GALVESTON SQUARE
2211 THE STRAND SUITE 302
GALVESTON TX 77550
409-762-5000

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of August, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
    BELINDA HERNANDEZ

# OFFICER'S RETURN

Case No. : DC-17-10853

Court No. 101st District Court

Style: KEY POINT MANAGEMNET, INC., et al

vs.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

Came to hand on the _____ day of _____, 20 _____ at _____ o'clock _____ .M. Executed at _____

within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____

20 _____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

For serving Citation   $ _____   of _____ County, _____

For mileage   $ _____

For Notary   $ _____   By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said

_____ before me this _____ day of _____, 20 _____

to certify which witness my hand and seal of office.

Notary Public _____ County

FORM NO. 353-3 - CITATION
THE STATE OF TEXAS

CERT MAIL

CITATION

DC-17-10853

To:

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA
SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701-3218

17 SEP -7 PM 6:03

F I L E D

FELICIA PITRE
DISTRICT CLERK
DALLAS TEXAS

_____DEPUTY

KEY POINT MANAGEMNET, INC., et al

vs.

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the
expiration of twenty  days after you were served this citation and petition, a default judgment may be
taken against you. Your answer should be addressed to the clerk of the 101st District Court at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being KEY POINT MANAGEMENET, INC. AND GMY MANAGEMENT, INC.,

Filed in said Court 28th day of August, 2017 against

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

For Suit, said suit being numbered DC-17-10853, the nature of which demand is as follows:
Suit on CNTR CNSMR COM DEBT etc. as shown on said petition REQUEST FOR DISCLOSURE, a
copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 30th day of August, 2017.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _____Belinda Hernandez_____, Deputy
BELINDA HERNANDEZ

ISSUED THIS
30th day of August, 2017

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: BELINDA HERNANDEZ, Deputy

Attorney for Plaintiff
SHAUN W HODGE
HODGE LAW FIRM PLLC
OLD GALVESTON SQUARE
2211 THE STRAND SUITE 302
GALVESTON TX 77550
409-762-5000

DALLAS COUNTY CONSTABLE
FEES NOT
PAID

FEES
PAID

**OFFICER'S RETURN**

Case No. : DC-17-10853

Court No.101st District Court

Style: KEY POINT MANAGEMNET, INC., et al

vs.

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

Came to hand on the ___30ᵗʰ___ day of ___August___, 20 __17__, at __4:08__ o'clock __P__.M. Executed at _Austin,TX 78701-3218_

within the County of _____ at _7:07_ o'clock _A_.M. on the _5_ day of _September_ _911 E. 7th St. Ste. 620_

20 __17__, by delivering to the within named _Travelers Casualty insurance company of America_

_by serving it registered agent corporation service company by US certified mail_

_return receipt received and signed by Chris Saizan_ _____ _____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by

me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $ _76.00_ | _Chris Saizan_ |
| For mileage | $ _____ | of _____ County. |
| For Notary | $ _____ | By _Blinda Alvarado_ Deputy |
|  |  | (Must be verified if served outside the State of Texas.) |

Signed and sworn to by the said _____

to certify which witness my hand and seal of office.

_____ before me this _____ day of _____, 20 _____

_____
Notary Public

FELICIA PITRE
DISTRICT CLERK
600 COMMERCE STREET
DALLAS, TEXAS 75202-4606

FELICIA PITRE
DISTRICT CLERK
GEORGE ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



9214 8901 0661 5400 0111 8440 18

RETURN RECEIPT (ELECTRONIC)

DC-17-10853/DPRO/BH

TRAVELERS CASUALTY INSURANCE COMPANY OF
AMERICA
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7TH ST STE 620
AUSTIN, TX  78701-3218

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

IMpbCertified8x5Label v2017.04.26.92

**UNITED STATES
POSTAL SERVICE.**

Date: September 5, 2017

MAIL MAIL:

The following is in response to your September 5, 2017 request for delivery information
on your Certified Mail™/RRE item number 92148901066154000111844018.  The
delivery record shows that this item was delivered on September 5, 2017 at 7:07 am in
AUSTIN, TX  78760. The scanned image of the recipient information is provided below.

Signature of Recipient :

Chris Saizan

Address of Recipient :

2U E. 7th # 620

Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal
representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the
United States Postal Service.  It is solely for customer use.

Reference ID: 92148901066154000111844018
DC-17-10853/DPRO/BH
TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA
BY SERVING REGISTERED AGENT CORPORATION SERVICE
COMPANY
211 E 7th St Ste 620
Austin, TX  78701-3218

# EXHIBIT A-3-e



# 101st JUDICIAL DISTRICT COURT

GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

September 08, 2017

TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA
SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX  78701

Cause No:   DC-17-10853

          KEY POINT MANAGEMENT, INC., et al
          vs.
          TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of
Civil Procedure and pursuant to the inherent power of the Court, on:

          **November 03, 2017 at 9:00 AM**

If no answer has been filed, you are expected to have moved for a default
judgment on or prior to that date.  Your failure to have done so will result
in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain
the case on the docket, you must appear on the above date, unless you have
obtained a new setting from the court coordinator.

Sincerely,

District Judge,
101st Judicial District Court

CC:   TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA; SHAUN W HODGE

# EXHIBIT A-3-f



# 101st JUDICIAL DISTRICT COURT
## GEORGE L. ALLEN COURTS BUILDING
### 600 COMMERCE STREET
### DALLAS, TEXAS 75202-4604

September 08, 2017

SHAUN W HODGE
HODGE LAW FIRM PLLC
OLD GALVESTON SQUARE
2211 THE STRAND SUITE 302
GALVESTON TX  77550

Cause No:   DC-17-10853

        KEY POINT MANAGEMENT, INC., et al
           vs.
        TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of
Civil Procedure and pursuant to the inherent power of the Court, on:

**November 03, 2017 at 9:00 AM**

If no answer has been filed, you are expected to have moved for a default
judgment on or prior to that date.  Your failure to have done so will result
in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain
the case on the docket, you must appear on the above date, unless you have
obtained a new setting from the court coordinator.

Sincerely,

District Judge,
101st Judicial District Court

CC:   TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA; SHAUN W HODGE

# EXHIBIT A-3-g

FILED
DALLAS COUNTY
9/11/2017 10:19 AM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-17-10853

| | | |
|---|---|---|
| KEY POINT MANAGEMENT, INC., AND GMY MANAGEMENT, INC., | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| v. | § § | DALLAS COUNTY, TEXAS |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | § § § | |
| Defendant. | § | 101ST JUDICIAL DISTRICT |

**DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' ORIGINAL PETITION**

Defendant Travelers Casualty Insurance Company of America ("Defendant") files the following Original Answer and Affirmative Defenses to the Original Petition of Plaintiffs Key Point Management, Inc. and GMY Management, Inc. ("Plaintiffs"):

**I.**
**GENERAL DENIAL**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition and demands strict proof thereof. By this general denial, Defendant demands that Plaintiffs prove every fact in support of their claims regarding breach of contract, violations of the Texas Insurance Code and DTPA, and violations of the duty of good faith and fair dealing by a preponderance of the evidence. By this general denial, Defendant further demands that Plaintiffs prove every fact in support of their fraud and exemplary damages claims by clear and convincing evidence.

## II.
## <u>AFFIRMATIVE DEFENSES</u>

Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Defendant sets forth the following affirmative defenses to the allegations stated in Plaintiffs' Original Petition:

1.       Plaintiffs' claims are subject to all of the terms, conditions, limitations, exclusions and deductibles set forth in Travelers Policy No. 680-8G563969-16-42 (the "Policy"), effective from February 28, 2016 to February 28, 2017.

2.       Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs did not occur during the applicable policy period.

3.       Plaintiffs' claims are subject to the Policy's Windstorm or Hail Percentage Deductible.

4.       Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs was not caused by (or did not result from) a covered cause of loss.

5.       Plaintiffs' claims are barred, in whole or in part, to the extent of Defendant's prior payment(s) under the Policy, and Plaintiffs' recovery under the Policy (if any) must be offset and reduced accordingly.

6.       Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs was caused by or resulted from settling, cracking, shrinking, bulging or expansion.

7.       Plaintiffs' claims are barred, in whole in part, to the extent any interior physical loss or damage to the interior of any building or structure was caused by rain (whether driven by wind or not), but the building or structure did not first sustain damage by a Covered Cause of Loss to its roof or walls through which the rain entered.

8.       Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or

damage claimed by Plaintiffs was caused by or resulted from wear and tear, rust, corrosion, decay, deterioration, latent defect, or any quality in property that caused it to damage or destroy itself.

9.     Plaintiffs' claims are barred, in whole or in part, to the extent the physical loss or damage claimed by Plaintiffs was caused by or resulted from faulty, inadequate or defective design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction, materials, or maintenance.

10.     Plaintiffs' claims are subject to the Policy's loss payment/valuation provision, which states (in part) that replacement cost coverage is only afforded if the Covered Property is actually repaired or replaced as soon as reasonably possible after the loss or damage occurs.

11.     Plaintiffs' claims are subject to the Policy's terms, conditions, and limitations for Ordinance or Law coverage, including (without limitation) the requirement that the Covered Property must be repaired, re-built or reconstructed before Plaintiffs may recover under the Policy.

12.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiffs or third parties over whom Defendant has and/or had no control.

13.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, release, unclean hands, unjust enrichment, and accord and satisfaction.

14.     A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiffs without facing bad faith or extra-contractual liability. Defendant would show that a bona fide controversy exists regarding (a) the

existence and/or scope of any covered loss or damage, (b) whether and to what extent any asserted loss or damage was the result of a covered occurrence (or occurrences), (c) the reasonable and necessary measures to repair any covered loss or damage, and (d) the reasonable and necessary measures to repair any covered loss or damage.

15.     Defendant further reserves the right to assert additional affirmative defenses as this litigation proceeds, including (without limitation) all defenses available under the terms, conditions, limitations, and exclusions of the Policy. This specifically includes Defendant's rights under the Appraisal provision of the Policy.

### III.
### PRAYER

Defendant prays that (a) Plaintiffs' claim for relief be denied in its entirety, (b) Plaintiffs take nothing by way of this lawsuit, and (c) Defendant be granted such other and further relief to which it is justly entitled.

Respectfully submitted,

ZELLE LLP

By:＿＿＿＿＿ */s/ Jennifer L. Gibbs* ＿＿＿＿＿＿＿＿
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zelle.com
Jennifer L. Gibbs
Texas Bar No. 24050656
jgibbs@zelle.com
Walter W. Cardwell IV
wcardwell@zelle.com
Texas Bar No. 24094419

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:   241-742-3000
Facsimile:   214-760-8994

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Original Answer and Affirmative Defenses has been served on September 11, 2017 in accordance with the Texas Rules of Civil Procedure as follows:

Shaun W. Hodge
Texas Bar No. 24052995
shodge@hodgefirm.com
THE HODGE LAW FIRM, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
Telephone: (409) 762-5000
Facsimile: (409) 763-2300
**Attorney for Plaintiffs**

_/s/ Jennifer L. Gibbs_
Jennifer L. Gibbs

# EXHIBIT A-3-h



101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

September 12, 2017

SHAUN W HODGE
HODGE LAW FIRM PLLC
OLD GALVESTON SQUARE
2211 THE STRAND SUITE 302
GALVESTON TX 77550

Re:   DC-17-10853
      KEY POINT MANAGEMENT, INC., et al  vs.  TRAVELERS CASUALTY
INSURANCE COMPANY OF AMERICA

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:
PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

             Jury Trial - Civil:    08/28/2018 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of
the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If
**ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want
of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to
the preparation for trial, are controlled by the Scheduling Order in this case or by the
Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the
Court.

The Mediator may be selected by agreement of all parties. The parties must advise both
the Court and the Mediator in writing of any agreed Mediator.

Please forward a copy of this notice to counsel of record for each party and all pro se
parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  SHAUN W HODGE; JENNIFER L. GIBBS

# EXHIBIT A-3-i



101ST DISTRICT COURT
GEORGE L. ALLEN, SR. COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS  75202-4604

September 12, 2017

JENNIFER L. GIBBS
ZELLE LLP
901 MAIN ST
SUITE 4000
DALLAS TX  75202

Re:   DC-17-10853
      KEY POINT MANAGEMENT, INC., et al  vs.  TRAVELERS CASUALTY
INSURANCE COMPANY OF AMERICA

ALL COUNSEL OF RECORD/PRO SE LITIGANTS:
PLEASE TAKE NOTE OF THE FOLLOWING SETTINGS:

Jury Trial - Civil:   08/28/2018 @ 9:00 AM

Trial announcements **MUST BE MADE** in accordance with Rule 3.02, Local Rules of the Civil Court of Dallas County, Texas.

When **NO** announcement is made for defendant, defendant will be presumed ready.  If **ANY** plaintiff fails to announce or to appear at trial, the case will be dismissed for want of prosecution in accordance with Rule 165a, Texas Rules of Civil Procedure.

Completion of discovery, presentation of pretrial motions, and other matters relating to the preparation for trial, are controlled by the Scheduling Order in this case or by the Texas Rules of Civil Procedure, in the event no Scheduling Order has been signed by the Court.

The Mediator may be selected by agreement of all parties. The parties must advise both the Court and the Mediator in writing of any agreed Mediator.

Please forward a copy of this notice to counsel of record for each party and all pro se parties by a method approved in Texas Rules of Civil Procedure 21a.

SINCERELY,

Honorable STACI WILLIAMS
JUDGE, 101ST DISTRICT COURT
DALLAS COUNTY, TEXAS

pc:  SHAUN W HODGE; JENNIFER L. GIBBS